# United States Court of Appeals

## For the First Circuit

No. 08-1386

WILLIAM M. STEWART,

Plaintiff, Appellee,

v.

MICHAEL J. ASTRUE,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Lipez, Selya, and Howard,
Circuit Judges.

Gregory G. Katsas, Acting Assistant Attorney General, Michael J. Sullivan, United States Attorney, Thomas M. Bondy and Christopher J. Walker, Attorneys, Appellate Staff on brief for appellant.
William M. Stewart on brief pro se.

January 7, 2009

**Per Curiam**.    In this case, the Commissioner of Social Security appeals from the sua sponte order of the United States District Court for the District of Massachusetts directing the Commissioner to reopen an application for disability benefits that claimant William Stewart allegedly had filed in 1988.  See Stewart v. Astrue, 532 F. Supp. 2d 243 (D. Mass. 2008).  However, because (1) there is a legitimate question whether such an application, in fact, ever was filed and (2) this question goes to the subject matter jurisdiction of the district court, we think that the remand order was premature.  Familiarity with the facts and the procedural history is assumed.

## I.  Background

Claimant filed a complaint against the Commissioner, alleging, among other claims not relevant here,[1] that he had filed an application for Social Security disability benefits in 1988 and that the notice of the initial denial of this application had violated due process.  Claimant therefore contended that the Commissioner's decision not to reopen the application, made during proceedings on a later application, was in error.  Rather than answer the complaint (or submit the record), the Commissioner filed

---

[1]Because claimant failed to file a cross-appeal, his arguments regarding his second claim are not properly before this court.  See Sueiro Vazquez v. Torregrosa de la Rosa, 494 F.3d 227, 232 (1st Cir. 2007).

a motion to dismiss based on res judicata (this being claimant's second complaint).

The district court granted the motion, and claimant appealed. However, before a decision on the appeal issued, the Commissioner moved for a remand to the district court on the ground that res judicata did not apply to the prior judgment since the dismissal of claimant's first complaint had been without prejudice. We then granted the Commissioner's motion, vacated the district court's dismissal of the complaint, and remanded to that court for further proceedings.

Upon remand, neither party took any action, and, about five months after our judgment entered, the district court, without providing prior notice to the parties, entered the order of remand that is the subject of this appeal. See Stewart v. Astrue, 532 F. Supp. 2d 243. In so ruling, the court "assumed" that claimant had filed an application for disability benefits in 1988 and that the Commissioner had denied such an application. Id. at 246. The court also "presumed" that the notice of the initial denial of the 1988 application had been unconstitutional and that claimant had detrimentally relied on this notice. Id.

Within ten days of the entry of the remand order, the Commissioner filed a motion to alter or amend, under Fed. R. Civ. P. 59(e), arguing that computer records of claimant's history of disability applications showed that he had not, in fact, filed such

an application in 1988.  The Commissioner therefore requested that the court vacate the remand order and order the parties to submit evidence and arguments on the following questions:  (1) whether claimant had filed a 1988 disability benefits application; and (2) if so, whether the initial denial notice actually had contained unconstitutional language.  The district court rejected the Rule 59(e) motion on the ground that since the Commissioner had "utterly failed to answer or otherwise defend," he was barred from contesting these facts.  This appeal ensued.

## II.  Discussion

Although the district court did not indicate the basis for its order, we assume, based on the language quoted above, that the court effectively was entering a judgment of default.  As we have noted, federal law favors the disposition of cases on the merits, and, as a result, "a default judgment is a drastic sanction that should be employed only in an extreme situation." Affanato v. Merrill Bros. 547 F.2d 138, 140 (1st Cir. 1977) (internal punctuation and citations omitted).  The disfavor in which such judgments are held is especially strong in situations where, as in the instant case, the defendant is the government.  See Fed. R. Civ. P. 55(d) (explaining that "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court"); see also 10A Charles Alan Wright,

-4-

Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure §
2702, at 178-80 (1998) (stating that "when the government's default
is due to a failure to plead or otherwise defend, the court
typically either will refuse to enter a default or, if a default is
entered, it will be set aside") (footnote omitted).

Leaving aside the question whether the district court's
entry of a default judgment was justified in the first place, we
think it is clear that, once the Commissioner filed his Rule 59(e)
motion, the court should have vacated the order of remand and
conducted further proceedings. That is, the Commissioner's motion
and supporting documentation raised a genuine dispute regarding a
material fact -- i.e., the existence of a 1988 application for
disability benefits -- and this fact goes not only to the merits of
claimant's right to relief, but also to the more fundamental
question of the district court's subject matter jurisdiction.
Given the existence of a possibly meritorious defense, along with
the Commissioner's status as a government defendant and his
demonstrated willingness to engage in further proceedings, we
conclude that the policy of deciding cases on their merits should
have prevailed. See Affanato, 547 F.2d at 140.

We therefore vacate the district court's order and remand
this matter to that court for further proceedings consistent with
this opinion. No costs.

So ordered.